UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT W.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 25-12956<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF NOS. 7, 10)**

## I. Introduction

Plaintiff Scott W. appeals the final decision of defendant Commissioner of Social Security (Commissioner) to deny his application for disability insurance benefits (DIB) under the Social Security Act. Both parties filed summary judgment motions and consented to the undersigned conducting all proceedings under 28 U.S.C. § 636(c). ECF No. 6; ECF No. 7; ECF No. 10.

After a hearing below, an administrative law judge (ALJ) found:

1. Plaintiff had the severe impairments of Spondylitis changes of the lumbar spine, post-traumatic headache, cervical discectomy, and anterior fusion. ECF No. 4-1, PageID.90.

2. Plaintiff had no impairment that met or medically equaled a listed impairment. *Id*.

3. Plaintiff had the residual functional capacity (RFC) to perform sedentary work "except that he can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. He can never balance or crawl. He can occasionally stoop, kneel, and crouch. He can frequently handle, finger, and reach. He must avoid unprotected heights, operating heavy machinery and working on slippery or dangerous terrain. He requires a sit/stand option wherein he can sit up to 1 hour at a time and stand up to 30 minutes at time." *Id*., PageID.92.

Relying on the testimony of a vocational expert (VE), the ALJ found that there were jobs in significant numbers that plaintiff could perform, including positions as a polisher and an order clerk. *Id*., PageID.98-99. The ALJ found plaintiff not disabled. *Id.*

## II. Analysis

### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence[1] and conformed with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

---

[1] Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up). The substantial-evidence standard does not permit the Court to independently weigh the evidence. *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion."); *see also Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion.").

Plaintiff argues that the ALJ erred by failing to apply Social Security Ruling (SSR) 19-4p; by not properly accounting for plaintiff's headaches in the RFC; and by assessing a RFC that is not supported by substantial evidence. The Court disagrees and affirms the ALJ's decision.

**B.**

SSR 19-4p provides guidance on how to "evaluate primary headache disorders" in disability claims. SSR 19-4p, 2019 WL 4169635, at *1 (2019). Plaintiff argues that the ALJ's failure to apply SSR 19-4 requires remand. ECF No. 7, PageID.1085. The Court disagrees.

The ALJ did find that plaintiff's severe impairments included "post-traumatic headache." ECF No. 4-1, PageID.90. But SSR 19-4 does not apply to her because it governs primary headaches, which "occur independently and are not caused by another medical condition." *Id*. at *2. Plaintiff experienced secondary headaches, which "are symptoms of another medical condition," including "trauma or injury to the head or neck." *Id.* at *2, *5.

The Court finds that plaintiff experienced secondary headaches because the ALJ described "post-traumatic headache" and explained that, in April 2024, plaintiff presented for "post concussive migraine, neck pain, and headache" after hitting "his forehead on a wooden beam when bending over to do something on New Years day." ECF No. 4-1, PageID.90, 96. The records plaintiff cites confirm that his headaches were secondary to other medical conditions. ECF No. 7, PageID.1085. "Given the absence of a severe primary headache disorder in the record," plaintiff "fails to meet

his burden of demonstrating that the ALJ erred in failing to discuss SSR 19-4p." *Dellarco v. Comm'r of Soc. Sec.*, No. 22-CV-00962-PAB, 2023 WL 3324833, at *10 (N.D. Ohio Apr. 20, 2023).

**C.**

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence because she 1) failed to account for his headaches; 2) failed to explain the sit/stand limitation; 3) failed to explain the RFC's allowance for frequent handling and fingering; and 4) failed to address whether plaintiff's symptoms would result in off-task behavior. ECF No. 7, PageID.1087-1094. But plaintiff did not direct the Court to any medical opinions or objective medical evidence to support his argument that he required more limitations. And the Court has no duty to scour the record on his behalf. "Judges are not like pigs, hunting for truffles that might be buried in the record." *Knight v. Cap. Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 780 n.1 (6th Cir. 2019) (cleaned up). Plaintiff also failed to "specify any additional work-related functional limitations the ALJ should have, but did not, include in the RFC assessment resulting from" his headaches. *Huizar v. Comm'r of Soc. Sec*., 610 F. Supp. 3d 1010, 1016 (E.D. Mich. 2022) (cleaned up).

Plaintiff does cite his own subjective symptoms related to his headaches. ECF No. 7, PageID.1087-1089. But as noted, this Court may not reweigh the evidence even if the symptoms he cites could support a conclusion different than the ALJ's. *Hatmaker*, 965 F. Supp. 2d at 930; *Cutlip*, 25 F.3d at 286.

## III. Conclusion

The Court thus **DENIES** plaintiff's motion for summary judgment (ECF No. 7), **GRANTS** the Commissioner's motion for summary judgment (ECF No. 10), and **AFFIRMS** the decision of the Commissioner.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 4, 2026

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 4, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager